**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ECOWATER SYSTEMS LLC,<br>Plaintiff,<br>v.<br>DK HARDWARE SUPPLY LLC,<br>Defendant. | Case No.: 1:26-cv-14224<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff EcoWater Systems LLC ("EcoWater") for its complaint against Defendant DK Hardware Supply LLC ("Defendant") alleges, on knowledge as to itself and its own acts and on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, false designation of origin, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and for related violations of Illinois law. EcoWater makes and sells ECOWATER-branded water treatment products through a network of authorized dealers. It also makes and sells ECOPURE-branded products, which are a separate line, through separate channels. Defendant is reselling what appear to be ECOPURE-branded water softeners through its website, but falsely labels and promotes them as ECOWATER products, using EcoWater's registered ECOWATER and ECOWATER SYSTEMS marks in the titles, brand fields, manufacturer fields, and web addresses of its listings. That false labeling is likely to lead consumers to believe, incorrectly, that they are buying ECOWATER-line products of the kind sold and supported through EcoWater's dealer network, and that Defendant is an authorized EcoWater dealer.

## PARTIES

2. EcoWater is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 1890 Woodlane Drive, Woodbury, Minnesota 55125.

3. Defendant is a limited liability company organized under the laws of the state of Florida with a principal place of business at 208 NW 6th Avenue, Hallandale Beach, Florida 33009. Defendant operates an e-commerce website at www.dkhardware.com ("Defendant's Website").

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*., and Illinois common law.

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116(a) and 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court further has supplemental jurisdiction over EcoWater's state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to EcoWater's federal claims that they form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and 735 ILCS 5/2-209. Defendant operates an interactive commercial website through which it advertises and sells products, including products at issue in this action, to customers in Illinois and in this District, accepts orders from those customers, and ships products to them. Defendant also has a warehouse in this District. Defendant has thus purposefully directed its activities at Illinois and this District, has conducted business in Illinois and in this District, and has committed, and continues to commit, the acts of infringement and false advertising at issue in this action in Illinois and in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to EcoWater's claims occurred in this District, including Defendant's advertisement and sale of the products at issue to customers in this District.

## FACTUAL BACKGROUND

8. EcoWater is one of the world's largest manufacturers of residential water treatment systems and is in the business of selling water conditioning and drinking water equipment and related products. EcoWater's products are sold under various brands, including ECOWATER and ECOPURE, which are distributed through different channels.

9. EcoWater's ECOWATER-branded products are sold, installed, and serviced through a network of authorized dealers. Only those authorized dealers are permitted to market and sell ECOWATER-branded products.

10. EcoWater's authorized dealers are bound by written agreements that impose contractual obligations relating to marketing, warranty administration, installation, and customer service standards. Those obligations are designed to protect consumers and to preserve the quality of ECOWATER-branded products and the integrity and goodwill of the ECOWATER brand.

11. Consumers who purchase ECOWATER-branded products through an authorized dealer are able to receive in-home consultation and water analysis, professional installation, ongoing service and support from the dealer, and the ECOWATER warranty.

12. EcoWater also sells a separate line of water softeners, filtration systems, and related accessories under the ECOPURE mark, including models designated EP31, EP42, and EPHS. ECOPURE-branded products are designed for consumer installation and are sold through retail channels rather than through EcoWater's ECOWATER dealer network.

13. ECOPURE-branded products are sold with their own warranty and customer-

support program, which is separate from the dealer-based warranty and support that accompany ECOWATER-branded products.

14. The ECOWATER and ECOPURE marks therefore identify distinct product lines that differ in channel, installation, and service and warranty support. Consumers who seek out or purchase ECOWATER-branded products expect the dealer-supported experience that EcoWater associates with that brand.

15. EcoWater has developed a strong reputation for the quality of goods and services associated with its trademarks. In particular, EcoWater is the owner of valuable rights in, and U.S. federal registrations for, its ECOWATER and ECOWATER SYSTEMS trademarks (the "EcoWater Marks") and its ECO PURE trademarks, including for example the following registered marks:

| U.S. Reg. No. | Trademark | Class & Goods |
|---|---|---|
| 1,555,661 | ECOWATER | Class 11: Water treatment equipment and parts thereof, namely residential water conditioners, domestic reverse osmosis water purifiers, and filters, ion exchangers and degasifiers for treating liquids. |
| 1,771,860 | ECOWATER SYSTEMS | Class 37: Repair and maintenance services in the field of domestic and commercial water treatment equipment; namely, water conditioners, softeners, deionizers, distillers, filters, and related water treatment units. |
| 1,585,509 | ECO PURE | Class 11: Water purification and filtration units for domestic and commercial use. |
| 5,751,473 | ECOPURE | Class 11: Water treatment equipment, namely, water conditioning units, water softening units, water purifiers, water deionizers, water distillers, water filters; water refiners, namely, water conditioning units comprised of water softening and carbon filtration technology; water treatment equipment, namely, reverse-osmosis units for domestic and commercial use; structural parts, structural installation parts and accessories for water softening units, water treatment equipment and water filtration equipment; drinking water systems, namely, undersink water filtration units; filtration cartridges; water filtration pitchers sold empty; water filtration units sold as a component part of portable water filtration pitchers sold empty; Class 35: |

| | | |
|---|---|---|
| | | Providing consumer information in the field of water treatment goods and services. |

16. EcoWater and its predecessors-in-interest have continuously and exclusively used the EcoWater Marks for many decades. EcoWater has invested considerable resources in maintaining and promoting the EcoWater Marks throughout the United States, including in this District, and its authorized dealers have also invested in promoting the EcoWater Marks. As a result, the EcoWater Marks have acquired substantial goodwill and recognition among consumers as identifying EcoWater and its dealer-supported ECOWATER product line.

17. Each of the registrations identified above is valid and subsisting, and each has become incontestable under 15 U.S.C. § 1065 because the registered marks have been in continuous use in commerce for five consecutive years following registration and the required affidavits have been filed with the United States Patent and Trademark Office. The registrations are therefore conclusive evidence of the validity of the registered marks, of EcoWater's ownership of them, and of EcoWater's exclusive right to use them in commerce on the goods and services identified in the registrations. *See* 15 U.S.C. § 1115(b). Copies of the registration certificates and current USPTO status records for the marks are attached as Complaint Exhibits A through D.

18. Defendant is an online distributor of hardware, building supplies, and home-improvement products, serving contractors, builders, businesses, and homeowners. Through Defendant's Website, Defendant advertises and sells products to customers throughout the United States, including in Illinois and in this District.

19. Defendant has warehouses located throughout the United States, including in this District.

20. Defendant advertises and sells water softeners and other water treatment products to customers in Illinois and nationwide through Defendant's Website, including but not limited to

the products listed at https://www.dkhardware.com/ecowater-system-ZB14148P1.html. For example, that page lists three water softener products—models EPHS023, EP31007, and EP42007—at prices ranging from $902.96 to $1,072.20 each. Those listings, together with every other listing on Defendant's Website that identifies a product as an "Ecowater System" or ECOWATER product, are referred to herein as the "Accused Listings." True and correct screenshots of the Accused Listings are attached as Complaint Exhibit E.

21. The products offered in the Accused Listings are ECOPURE-branded products. Each product, as shown in the images displayed in the Accused Listings, bears an ECOPURE mark and does not bear an ECOWATER mark. The model numbers identified in the Accused Listings (EPHS023, EP31007, and EP42007) are ECOPURE model designations, Defendant's own description of the EPHS023 refers to it as the "EcoPure EPHS," and the web addresses of Defendant's listings for the EP31007 and EP42007 incorporate the name "ecopure."

22. Without authorization, Defendant uses the EcoWater Marks and colorable imitations thereof in connection with the advertisement, offer for sale, and sale of those ECOPURE-branded water softeners. Defendant uses the EcoWater Marks and colorable imitations thereof in the titles, brand fields, manufacturer fields, and web addresses of the Accused Listings. On information and belief, Defendant's use of the EcoWater Marks in those fields causes the Accused Listings to appear in response to internet searches by consumers seeking ECOWATER-branded products, thereby diverting those consumers away from EcoWater's authorized dealers and trading on the goodwill of the EcoWater Marks.

23. Although the products are ECOPURE-branded, Defendant labels and promotes them as ECOWATER products. For example, Defendant's listing for the EPHS023 is titled "Ecowater System EPHS023 Water Softener and Filter," identifies the item as "by ECOWATER

SYSTEMS LLC," and identifies the brand as "Ecowater System." Defendant's listings for the EP31007 and EP42007 are likewise titled "Ecowater System," and Defendant groups all three products on a brand page entitled "Ecowater System" at www.dkhardware.com/ecowater-system-ZB14148P1.html, whose web address itself incorporates "ecowater." By placing the EcoWater Marks first and most prominently in each listing title, and by identifying "Ecowater System" as the brand and "ECOWATER SYSTEMS LLC" as the maker of products that bear the ECOPURE mark, Defendant presents the EcoWater Marks as the brand under which the products are sold, rather than merely identifying who made them, and falsely suggests that they are ECOWATER-line products.

24. Defendant is not an authorized EcoWater dealer, and EcoWater has not licensed or otherwise authorized Defendant to use the EcoWater Marks, including as a brand name, product title, or manufacturer designation for products that are not sold under those marks, or to advertise or sell any product as an ECOWATER product.

25. Defendant's use of the EcoWater Marks to label ECOPURE-branded products misrepresents the brand, product line, and channel from which those products come. ECOWATER-branded products are sold, installed, and supported through EcoWater's authorized dealers; the products Defendant sells are not ECOWATER-branded products and are not sold or supported through that dealer network. Although the description of at least one product refers to "EcoPure," the Accused Listings do not explain that ECOPURE-line products are distinct from the ECOWATER-line products sold through EcoWater's dealer network, and the prominent titles, brand fields, and manufacturer fields identify the products as ECOWATER products.

26. Defendant's labeling is likely to cause consumers who are searching for, or who expect to receive, ECOWATER-branded products to believe that the products Defendant sells are

ECOWATER-line products that come with the dealer-based consultation, installation, service, and warranty support associated with the ECOWATER brand, and that Defendant is affiliated with, or authorized by, EcoWater and its dealer network.

27. EcoWater's investigation into the source of the products Defendant sells, and into how Defendant came to label them as ECOWATER products, is continuing. EcoWater reserves the right to amend this Complaint to allege additional facts as warranted by discovery.

28. On August 21, 2026, EcoWater sent Defendant a letter objecting to Defendant's unauthorized use of EcoWater's trademarks in the listings at https://www.dkhardware.com/ecowater-system-ZB14148P1.html. The letter asked Defendant to remove or suspend those listings, to identify the source of the products, and to confirm in writing that it would not represent that it is an authorized EcoWater dealer or that its products carry EcoWater's manufacturer's warranty or authorized service support.

29. Defendant did not respond. On September 1, 2026 and October 2, 2026, EcoWater sent Defendant follow-up letters, noting that Defendant had not responded, and again requiring Defendant to take those actions.

30. Defendant has not responded, and as of the date of this Complaint the Accused Listings remain available on Defendant's Website.

31. EcoWater is suffering irreparable harm to its business and customer goodwill each day that Defendant wrongfully labels ECOPURE-branded products as ECOWATER products and suggests an association between itself and EcoWater's ECOWATER dealer network.

32. Dissatisfied customers of Defendant will incorrectly attribute that dissatisfaction to EcoWater. Consumers who buy from Defendant expecting an ECOWATER-line product with dealer consultation, installation, and support, but who receive an ECOPURE-line product, are

likely to blame EcoWater and the ECOWATER brand. In addition, Defendant's continued use of the EcoWater Marks and colorable imitations thereof is harming EcoWater's authorized dealers, which have reported to EcoWater that Defendant's listings are causing confusion in the marketplace regarding the availability, pricing, sourcing, and warranty status of ECOWATER-branded products. Those reports reflect actual marketplace confusion caused by Defendant's listings. Defendant's conduct is also interfering with those dealers' ability to establish and grow their businesses.

33. To allow Defendant to continue to confuse the public as to its affiliation with EcoWater places the reputation, goodwill, and integrity of the EcoWater Marks in jeopardy.

34. Defendant's continuing and deliberate use of the EcoWater Marks and colorable imitations thereof is likely to cause confusion, mistake, and deception among the relevant consumer public as to the source of its products, and subjects EcoWater's rights in the EcoWater Marks to irreparable injury. EcoWater has no adequate remedy at law to fully rectify the infringement, and thus an injunction is needed to stop Defendant from unlawfully and wrongfully infringing upon the EcoWater Marks. EcoWater is also entitled to a rebuttable presumption of irreparable harm under 15 U.S.C. § 1116(a).

35. EcoWater's damages suffered as a result of Defendant's infringement and unlawful conduct alleged herein are difficult to fully quantify and will be proven at trial.

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT

36. EcoWater hereby incorporates by reference paragraphs 8 through 35 above as if fully setforth herein.

37. EcoWater has registered the EcoWater Marks with the United States Patent and Trademark Office, as listed in paragraph 15 above.

38. Since registering the EcoWater Marks, EcoWater has extensively and exclusively used and advertised the EcoWater Marks in connection with its products and services.

39. Defendant has no right to use the EcoWater Marks and colorable imitations thereof, including as a brand name, product title, or manufacturer designation for products that are not sold under those marks.

40. Notwithstanding EcoWater's August 21, 2026, September 1, 2026, and October 2, 2026 letters demanding that Defendant remove the Accused Listings and cease its unauthorized use of the EcoWater Marks, Defendant continues to use the EcoWater Marks and colorable imitations thereof.

41. Defendant's unauthorized use and display of the EcoWater Marks and colorable imitations thereof constitutes willful and intentional infringement of the trademarks in violation of the Lanham Act, 15 U.S.C. § 1114(1).

42. Defendant's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive, as shown by, among other things, Defendant's labeling of products as "Ecowater System" while its own EPHS023 description and its own web addresses for the EP31007 and EP42007 identify those products as EcoPure products, and Defendant's continued use of the EcoWater Marks after receiving EcoWater's August 21, 2026, September 1, 2026, and October 2, 2026 letters.

43. Defendant uses the EcoWater Marks and colorable imitations thereof in connection with the advertisement, offer for sale, and sale of products that are not sold under the EcoWater Marks and are not part of EcoWater's ECOWATER line, without EcoWater's consent. That use is likely to cause confusion, mistake, or deception as to the brand, line, and source of the products, including as to whether they are ECOWATER-line products sold and supported through

EcoWater's dealer network, in violation of 15 U.S.C. § 1114(1).

44. Defendant's use in commerce of the EcoWater Marks and colorable imitations thereof without the consent of EcoWater is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Defendant are licensed, affiliated with, sponsored, authorized, or otherwise approved by EcoWater, or that the products Defendant sells are ECOWATER-line products that are sold, installed, and supported through EcoWater's dealer network.

45. EcoWater has suffered and is continuing to suffer irreparable injury and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

46. EcoWater has no adequate remedy at law to protect its substantial business and property rights. The harm from Defendant's activities is considerable and continuing and thus not capable of ascertainment at this time.

47. This is an exceptional case under 15 U.S.C. § 1117(a) because Defendant's infringement is willful, Defendant, on information and belief, knew the products it sells are ECOPURE-branded products, and Defendant ignored EcoWater's August 21, 2026, September 1, 2026, and October 2, 2026 letters and continued its infringement after receiving them. EcoWater is entitled to injunctive relief preventing Defendant from further infringement of the EcoWater Marks, plus Defendant's profits, EcoWater's damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II:
## FALSE DESIGNATION OF ORIGIN / FEDERAL UNFAIR COMPETITION

48. EcoWater hereby incorporates by reference paragraphs 8 through 35 above as if fully setforth herein.

49. Defendant has infringed EcoWater's rights by using the EcoWater Marks and

colorable imitations thereof without authority. Defendant is using the EcoWater Marks and colorable imitations thereof in connection with the advertisement, offer for sale, and sale of ECOPURE-branded water softeners to customers in Illinois and nationwide, as a brand name, product title, and manufacturer designation for those products.

50. Due to Defendant's infringements and conduct, consumers are likely to be confused and induced into purchasing products from Defendant in the belief that those products are ECOWATER-line products sold and supported through EcoWater's dealer network, or that Defendant is an authorized dealer of EcoWater. Customers have been or are likely to be confused as to the sponsorship of the goods sold by Defendant.

51. Defendant's actions constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

52. Defendant's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

53. EcoWater has suffered and is continuing to suffer irreparable injury and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

54. EcoWater has no adequate remedy at law to protect its substantial business and property rights. The harm from Defendant's activities is considerable and continuing and thus not fully capable of ascertainment at this time.

55. EcoWater is entitled to injunctive relief preventing Defendant's unfair competition, plus Defendant's profits, EcoWater's damages, costs, and, because this is an exceptional case, attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III:
## FALSE ADVERTISING

56. EcoWater hereby incorporates by reference paragraphs 8 through 35 above as if

fully set forth herein.

57. Defendant has made, and continues to make, false or misleading descriptions and representations of fact in commercial advertising and promotion, including in the Accused Listings, concerning the nature, characteristics, qualities, and origin of the products it offers, in violation of 15 U.S.C. § 1125(a)(1)(B).

58. Among other things, the Accused Listings falsely or misleadingly describe ECOPURE-branded products as ECOWATER products by titling them "Ecowater System," identifying the brand as "Ecowater System," and presenting them, taken together, as products of the ECOWATER line, without disclosing that they are ECOPURE-line products that are not sold, installed, or supported through EcoWater's ECOWATER dealer network.

59. Those statements are false or misleading and have a tendency to deceive a substantial segment of consumers and prospective purchasers of water treatment products.

60. Those statements are material because brand, product line, and the availability of dealer consultation, installation, service, and warranty support are likely to influence consumers' decisions to purchase a water treatment system, a purchase that typically costs hundreds of dollars or more.

61. Defendant made those statements in interstate commerce through Defendant's Website, which is accessible to and used by consumers nationwide.

62. EcoWater has been injured, and is likely to continue to be injured, as a proximate result of Defendant's false and misleading advertising, including through diversion of sales from EcoWater and its authorized dealers and damage to the reputation and goodwill of the ECOWATER brand. Those injuries to EcoWater's commercial interest in its reputation and sales fall within the zone of interests protected by the Lanham Act and flow directly from the deception

caused by Defendant's advertising, which causes consumers to withhold trade from EcoWater and its authorized dealers and to attribute to EcoWater any dissatisfaction with the products Defendant sells.

63. Defendant's false and misleading advertising has been willful and has continued after Defendant received notice of EcoWater's objections.

64. EcoWater has no adequate remedy at law and is entitled to injunctive relief under 15 U.S.C. § 1116(a) and to recover Defendant's profits, EcoWater's damages, costs, and, because this is an exceptional case, attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT IV:
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

65. EcoWater hereby incorporates by reference paragraphs 8 through 35 above as if fully set forth herein.

66. Defendant, in the course of its business, has engaged in deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a), by, among other things: (a) causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of the products it sells, 815 ILCS 510/2(a)(2); (b) causing a likelihood of confusion or misunderstanding as to its affiliation, connection, or association with, or certification by, EcoWater and its dealer network, 815 ILCS 510/2(a)(3); (c) representing that the products it sells are ECOWATER-line products, or have the sponsorship, approval, characteristics, or benefits of ECOWATER-line products, when they do not, and that Defendant has a sponsorship, approval, status, affiliation, or connection that it does not have, 815 ILCS 510/2(a)(5); and (d) engaging in other conduct that similarly creates a likelihood of confusion or misunderstanding, 815 ILCS 510/2(a)(12).

67. Defendant's deceptive trade practices have been directed at, and have affected,

consumers and EcoWater's authorized dealers in Illinois.

68. EcoWater is likely to be damaged by Defendant's deceptive trade practices and is entitled to injunctive relief pursuant to 815 ILCS 510/3.

69. Defendant's deceptive trade practices have been willful, including because Defendant has continued them after receiving EcoWater's August 21, 2026, September 1, 2026, and October 2, 2026 letters. EcoWater is therefore also entitled to recover its costs and attorneys' fees pursuant to 815 ILCS 510/3.

## COUNT V:
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

70. EcoWater hereby incorporates by reference paragraphs 8 through 35 above as if fully setforth herein.

71. As a result of EcoWater's continuous promotion and sales of products and services bearing the EcoWater Marks for many decades nationwide, EcoWater has common law trademark rights in the EcoWater Marks nationwide, including in Illinois.

72. Defendant, with knowledge and intentional disregard of EcoWater's rights and with the intent to cause confusion or mistake or to deceive, continues to advertise, promote, and sell products using the EcoWater Marks and colorable imitations thereof. Defendant's acts have caused, continue to cause, and/or are likely to cause confusion as to the source and/or sponsorship of its products and EcoWater's products and services.

73. Defendant's acts alleged above infringe EcoWater's trademark rights in violation of the common law and also constitute unfair competition under the common law.

74. As a direct and proximate result of Defendant's wrongful acts alleged above, EcoWater has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, Defendant will

continue to use the EcoWater Marks and colorable imitations thereof, and will cause irreparable damage to EcoWater for which EcoWater has no adequate remedy at law. Thus, EcoWater is entitled to an injunction restraining Defendant and, as applicable, Defendant's officers, members, agents, servants, and employees, and all persons acting in concert with them, from using the EcoWater Marks and colorable imitations thereof in connection with Defendant and the promotion, marketing, offer to sell, or sale of Defendant's products.

75. Defendant's use of the EcoWater Marks and colorable imitations thereof has been intentional and willful. Defendant's bad faith, and Defendant's intent to cause confusion or mistake or to deceive, is evidenced at least by Defendant's continued use of the EcoWater Marks and colorable imitations thereof after being on notice of EcoWater's claims by EcoWater's August 21, 2026, September 1, 2026, and October 2, 2026 letters.

## DEMAND FOR JURY TRIAL

EcoWater demands a trial by jury on all issues triable to a jury pursuant to Federal Rule of Civil Procedure 38(b).

## PRAYER FOR RELIEF

WHEREFORE, EcoWater prays for judgment against Defendant as follows:

A. A judgment and order that Defendant has willfully and with the intent to cause confusion or mistake or to deceive: (1) infringed the EcoWater Marks in violation of 15 U.S.C. § 1114(1), (2) used false designations of origin in violation of 15 U.S.C. § 1125(a)(1)(A), (3) engaged in false advertising in violation of 15 U.S.C. § 1125(a)(1)(B), (4) engaged in deceptive trade practices in violation of 815 ILCS 510/2, and (5) violated EcoWater's common law rights in the EcoWater Marks and engaged in unfair competition under the common law.

B. A judgment and order preliminarily and permanently enjoining Defendant, and

Defendant's affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Defendant, from:

1. Transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products or services under the EcoWater Marks and any colorable imitations thereof, and/or any other marks, names, symbols, or logos which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products or services that Defendant causes to enter the stream of commerce or any of Defendant's commercial activities are sponsored or licensed by EcoWater, are authorized by EcoWater, or are connected or affiliated in some way with EcoWater or the EcoWater Marks;
2. Using the EcoWater Marks, colorable imitations thereof, and/or confusingly similar marks as a brand name, product title, manufacturer designation, search keyword, or web address in connection with the advertisement, offer for sale, or sale of any products that are not sold under the EcoWater Marks;
3. Representing, expressly or by implication, in advertising or otherwise, that Defendant is an authorized EcoWater dealer, or that products that are not sold under the EcoWater Marks, including ECOPURE-branded products, are ECOWATER products or are sold, installed, or supported through EcoWater's dealer network, or otherwise making any false or misleading description or representation of fact concerning the brand, line, source, or characteristics of products Defendant sells;

4. Implying EcoWater's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendant's products, services, or commercial activities, passing off Defendant's business as that of EcoWater, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with EcoWater and from otherwise interfering with or injuring the EcoWater Marks or the goodwill associated therewith; and
5. Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs B(1) to (4) above.

C. A judgment and order, pursuant to 15 U.S.C. § 1116(a), requiring Defendant to file with the Court and serve on EcoWater within 30 days after service on it of an Order of injunction, a written report, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

D. A judgment and order authorizing EcoWater to take action to effectuate compliance with the injunction, at Defendant's sole cost and expense, in the event Defendant fails to comply.

E. A judgment and order requiring Defendant to remove or correct the Accused Listings, and any other listing, advertisement, or promotional material that does not comply with the injunction, so that they do not use the EcoWater Marks or colorable imitations thereof as a brand name, product title, manufacturer designation, web address, metadata, search keyword, or paid search advertisement for products not sold under those marks, on Defendant's Website and on any other website, marketplace, or channel that Defendant controls or uses; to request that search engines and marketplaces remove cached or indexed copies of the Accused Listings; and,

pursuant to 15 U.S.C. § 1118, to deliver up for destruction all labels, signs, advertisements, and promotional materials in its possession bearing the EcoWater Marks that violate the injunction.

F. A judgment and order requiring Defendant to account for all sales of products made through listings that use the EcoWater Marks or colorable imitations thereof.

G. A judgment and order that EcoWater is the exclusive owner of the EcoWater Marks and that such marks are valid and protectable.

H. An award for EcoWater and against Defendant for damages suffered as a result of Defendant's trademark infringement and other unlawful conduct set forth herein, including the cost of corrective advertising, in an amount to be proven at trial.

I. An award for EcoWater and against Defendant for Defendant's profits resulting from Defendant's violations of the Lanham Act, pursuant to § 35 of the LanhamAct, 15 U.S.C. § 1117(a).

J. An award for EcoWater and against Defendant for enhanced damages of up to three times the amount of EcoWater's actual damages in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

K. An award for EcoWater and against Defendant for EcoWater's costs, disbursements, and attorneys' fees incurred in this action, as allowed by 15 U.S.C. § 1117(a) and 815 ILCS 510/3.

L. An award of punitive damages for the willful and wanton nature of Defendant's aforesaid acts under the common law.

M. An award granting pre-judgment interest on any recovery by EcoWater.

N. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 16, 2026

/s/ Michael J. Harris

Michael J. Harris
ARNOLD & PORTER KAYE SCHOLER LLP
300 North LaSalle Drive, Suite 3500
Chicago, Illinois 60654
Telephone: 312-583-2300
Facsimile: 312-583-2360
Email: Michael.Harris@arnoldporter.com

*Attorneys for Plaintiff EcoWater Systems LLC*